UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN K JONES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-77 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the McConnell Unit, in Beeville, Texas. On January 26, 2015, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding.[1] (D.E. 11). Petitioner is not challenging the validity of his underlying conviction, but Petitioner claims that his due process rights were violated by the prison disciplinary proceeding which occurred during the period of incarceration. (D.E. 11).

On March 30, 2015, Respondent filed a Motion for Summary Judgment. (D.E. 11). Petitioner did not file a response. For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED**.

---

[1] A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

## I. JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was incarcerated in Bee County, Texas, which is located within the Corpus Christi Division of the Southern District of Texas, at the time of the disciplinary charge. 28 U.S.C. § 124; 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

On July 21, 1999, Petitioner was convicted of sexual assault under Section 22.011 of the Texas Penal Code. The conviction occurred in Travis County, Texas, 147th Judicial District Court, and Petitioner was sentenced to life imprisonment. (D.E. 12). On December 19, 2013, Petitioner was found guilty of assaulting an officer in disciplinary case number 20140108443. (D.E. 11). Assaulting an officer is a Level 1, Code 3.3 disciplinary violation.[2] The punishment included (1) 364 days loss of good time, (2) forty-five days loss of commissary privileges, (3) forty-five days loss of recreational privileges, (4) forty-five days loss of property privileges, and (5) a reduction in line class from L1 to L3. (D.E. 11, page 3).

Petitioner does not challenge his underlying conviction of sexual assault, but instead challenges the disciplinary proceeding conviction. Petitioner responded to the disciplinary charge by filing a Step-One Grievance on January 23, 2014. The Step-

---

[2] TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf>.

One Grievance was denied. Petitioner then filed a Step-Two Grievance. The Step-Two Grievance was denied on April 10, 2014. (D.E. 13).

Petitioner filed the pending petition on January 26, 2015. (D.E. 11). Petitioner alleges (1) there was insufficient evidence to support a guilty charge, (2) he was not given the opportunity to question the charging officer, (3) he was not given the opportunity to call witnesses, and (4) he lost good-time credit as a result of due process violations. In the pending Motion for Summary Judgment, Respondent argues Petitioner's claims do not state proper grounds for federal habeas corpus relief. (D.E. 11). Even accepting Petitioners claims as true, he is not entitled to habeas corpus relief for reasons stated below.

### III. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a

constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release. *Id*. To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

## IV. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Petitioner seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). Petitioner has not responded to Respondents Motion for Summary Judgment. Therefore, pursuant to local Rule 7.1, no response could be taken as no opposition. S.D. Tex. L.R. 7.1. However, the undersigned has reviewed the merits of Petitioner's claims and Respondent's Motion for Summary Judgment.

## V. DISCUSSION

### A. Loss of Good-time Credits

Petitioner argues the loss of good-time credit amounts to a due process violation. A prisoner's constitutional rights are set forth in the Due Process Clause of the Fourteenth Amendment. In disciplinary hearings, prisoners are only entitled to due process guarantees when the disciplinary action may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472 (1995). To state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

In Texas, mandatory supervision may create a "constitutional expectancy" of early release. *Malchi*, 211 F.3d at 957. However, Petitioner is serving a life sentence with no right to mandatory supervision, as he committed a sexual assault in violation of Section 22.011. TEX. PEN. CODE ANN. § 22.011 (West 1999); *See* TEX. GOV'T CODE § 508.149(a) (stating that an inmate may not be released to mandatory supervision if the inmate was convicted of a felony under Section 22.011). Therefore, as Petitioner is not eligible for mandatory supervision he has no constitutional expectancy of early release.

For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole. TEX. GOV'T CODE ANN. § 498.003. It is well established that eligibility for parole is not a constitutionally protected interest. *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). Because release on parole is entirely speculative there can be no constitutional expectancy of parole in Texas. *Id*.

A disciplinary action resulting in loss of good-time credits only affects eligibility for parole, and does not affect a constitutionally protected interest. Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Loss of good-time credits does not support a constitutional claim, and therefore, Petitioner is not entitled to federal habeas corpus relief.

### B. Other Sanctions

The disciplinary hearing resulted in other sanctions including, (1) forty-five day loss of commissary privileges, (2) forty-five day loss of recreation privileges, (3) forty-five day loss of property privileges, and (4) reduction in line class from L1 to L3. (D.E. 11, page 3). The sanctions against Petitioner are changes to the conditions of confinement. The Due Process Clause does not protect every adverse change in the conditions of confinement. *Sandin*, 515 U.S. at 478. Sanctions that are merely changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on commissary and recreation and adjustments to a prisoner's classification, are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958. The restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. Therefore,

sanctions do not implicate due process concerns and do not require federal habeas corpus relief.

## VI. CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Miller-El v. Johnson*, 537 U.S. 322, 336 (2003). The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

Respondent's Motion for Summary Judgment requests that Petitioner's claim be denied on the merits. The COA determination under Section 2253(c) requires an overview of the habeas petition and a general assessment the merits. *Miller-El*, 537 U.S. at 336. As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended that the Court not issue a COA.

## VII. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 11) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 9th day of June, 2015.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).